RINBRAND WELL DRILLING CO., INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. L & H THEATRES, INC., AND CLIFTON ENTERPRISES, INC., NEW JERSEY CORPORATIONS, DEFENDANTS-APPELLANTS.

Submitted January 21, 1941—Decided May 26, 1941.

Before Justices BODINE, PORTER and COLIE.

For the appellants, *Nathan N. Goldberg* (*Milton Goldinger,* of counsel).

For the respondent, *Edward A. Haffer* (*William K. Azar,* of counsel).

PER CURIAM.

Plaintiff below brought an action in replevin against appellants, owners and tenants respectively of a theatre property, and recovered a judgment awarding it possession of a turbine pump. The facts disclose that appellants in 1936 entered into an agreement to build a theatre. The theatre was erected and included a cooling system, of which the pump later became a part. L & H Theatres, Inc., then rented the building and appurtenances for twenty-one years.

In 1937 respondent sold the pump in question to Brooks Motors, Inc., and it was installed in the theatre. Brooks Motors, Inc., did not pay in full for the motor and in 1938 respondent recovered judgment against it in the sum of $617.44, issued execution thereon and in 1939 purchased the pump at the execution sale. Thereafter, it made written demands upon appellants for possession, which were refused. The state of case settled by the District Court Judge states: "The court found as a matter of fact that the pump remained a chattel, and decided as a matter of law that the pump remained a chattel * * *."

In *Feder* v. *VanWinkle,* 53 *N. J. Eq.* 370, decided in 1895, the Court of Errors and Appeals stated a principle that has since become known as the institutional doctrine and which has more recently been reaffirmed in *Smyth Sales Corp.* v. *Norfolk Building and Loan Association,* 116 *N. J. L.* 293. In that case, the Court of Errors and Appeals, speaking through Mr. Justice Case said: "When a chattel which, clearly, is permanently essential to the completeness of a structure, having regard to the character of that structure and the functioning of it in the use for which it was obviously designed, is actually, purposely and lawfully affixed to and

into the structure, it becomes, in our opinion, a part of the realty."

The instant case is controlled by that principle and the judgment of the District Court is, therefore, reversed, with costs.